# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
### Civil Action No.: 1:17-cv-128

| | |
|---|---|
| HOWARD J. FOSTER,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CARROLS CORPORATION d/b/a<br>BURGER KING, REBECCA ROBERSON,<br>LORI SCHLUTOW, and CARL<br>MORELAND,<br><br>　　　　　Defendants. | DEFENDANT CARROLS<br>CORPORATION'S NOTICE OF<br>REMOVAL |

Defendant Carrols Corporation d/b/a Burger King hereby removes Case No. 17-CVS-474 from the General Court of Justice, District Court Division, Rutherford County, North Carolina to the United States District Court for the Western District of North Carolina, Asheville Division. The grounds for removal are as follows:

1.　Plaintiff Howard Foster filed this action in the General Court of Justice, District Court Division, on April 25, 2017. Carrols was served on April 27, 2017.

2.　There have been no substantive proceedings in the case thus far.

3.　The complaint alleges causes of action for age and gender discrimination and retaliation.

4.　The complaint requests damages in the amount of $50,000,000.

5.　Foster is a citizen of North Carolina.

6.　Carrols Corporation is a citizen of Delaware with its principal place of business in New York.

**7.** This Notice is filed within 30 days of Carrols' receipt of the Civil Summons and within the time prescribed under the Federal Rules of Civil Procedure.

8. This action is now pending in the General Court of Justice, District Court Division, Rutherford County, North Carolina, Civil Action No. 17-CVS-474, and the time within which Carrols is required to answer or otherwise plead has not expired.

9. This Court has jurisdiction over this action pursuant to the provisions of 28 U.S.C. §§ 1441 and 1331 in that it is a civil action purportedly asserting claims arising under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., over all of which the district courts have original jurisdiction pursuant to 28 U.S.C. § 1331. The pro se claims are definitively federal claims as plaintiff filed them upon receipt of a right to sue letter from the Equal Employment Opportunity Commission following presentation of his discrimination grievances to that federal agency, the language he uses invokes and parallels the federal civil rights laws, and North Carolina has no analogous state laws.

10. The Court also has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because the case is between "citizens of different States" and involves an amount in controversy greater than $75,000, exclusive of interest and costs.

11. Complete diversity exists because Foster is a citizen of North Carolina and Carrols Corporation is a Delaware citizen with its principal place of business in New York.

12. While Foster has also identified Rebecca Roberson, Lori Schlutow and Carl Moreland as Defendants, they have only been named in their official capacity as managers at Carrols and their citizenships should not be considered for purposes of determining diversity jurisdiction. Even had they been sued individually, though, no individual liability exists for supervisors under Title VII, and therefore their citizenship should not be considered in

2

determining diversity. *See Lissau v. Southern Food Serv., Inc.*, 159 F.3d 177, 182 (4th Cir. 1988) (holding individual supervisors not liable under Title VII); *see also Willard v. United Parcel Serv.*, 413 F.Supp. 2d 593, 597-98 (M.D.N.C. 2006) (noting under fraudulent joinder doctrine, which presents an exception to the requirement of complete diversity, exception applies where no cause of action exists against non-diverse defendant).

13. Because this action is pending in the General Court of Justice, District Court Division, Rutherford County, North Carolina, venue is proper in the United States District Court for the Western District of North Carolina, Asheville Division.

14. The amount in controversy is met because the complaint seeks an award of $50,000,000.00.

15. Venue is proper in this district under 28 U.S.C. § 1441(a) because this district embraces Rutherford County, North Carolina, the forum in which this case was pending.

16. Carrols has consulted with the other defendants, all of whom consent to this action being removed to federal court.

17. Carrols has attached to this Notice as Exhibit A all process and pleadings that have been served upon it by plaintiff as required by 28 U.S.C. § 1446(a).

18. Carrols' counsel will give plaintiff written notice of the removal of this action and will file a copy of this Notice with the Clerk of the General Court of Justice, District Court Division, Rutherford County, North Carolina, as required by 28 U.S.C. § 1446(d).

19. This Notice of Removal is not intended to waive any of defendant's available defenses, all of which are expressly reserved. Nor is this Notice intended to admit any of the allegations in the complaint.

3

This 15th Day of May, 2017.

s/ Charles E. Johnson

Charles E. Johnson
N.C. Bar No. 9890
cejohnson@robinsonbradshaw.com
Brian L. Church
N.C. Bar No. 39581
bchurch@robinsonbradshaw.com

ROBINSON, BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, North Carolina  28246
Telephone:     704.377.2536
Facsimile:      704.378.4000

*Attorneys for Defendant Carrols Corporation*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2017, I filed the foregoing document through the Court's electronic filing system and served Plaintiff by email and first class U.S. mail as follows:

Howard Foster
310 Sid Sims Road
Rutherfordton, NC 28139
hfoster_nc@yahoo.com

/s/ Charles Johnson
Charles Johnson