IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:17-cv-00128-MR-DLH

| | |
|---|---|
| HOWARD J. FOSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| CARROLS CORPORATION d/b/a ) | |
| BURGER KING, REBECCA ) | |
| ROBERSON, LORI SCHLUTOW, ) | |
| and CARL MORELAND, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant Carrols Corporation's Motion to Compel Arbitration and to Dismiss Action [Doc. 4]; the *pro se* Plaintiff's "Motion to Dismiss with Prejudice Defendant Carrols Corporation's Motion to Compel Arbitration and to Dismiss Action and Order [a] Jury Trial" [Doc. 6]; the Defendant Carrols Corporation's Reply in Support of Its Motion to Compel Arbitration and to Dismiss Action [Doc. 7]; the Motion for Joinder filed by Defendants Rebecca Roberson, Lori Schlutow, and Carl Moreland in Carrols Corporation's Motion to Compel Arbitration and to Dismiss Action [Doc. 8]; and the *pro se* Plaintiff's "Reply" in support of his Motion to Dismiss [Doc. 10].

**I.     PROCEDURAL BACKGROUND**

The Plaintiff Howard J. Foster, proceeding *pro se*, initiated this action in the Rutherford County General Court of Justice, District Court Division, on April 25, 2017, asserting claims for age and gender discrimination and retaliation against his employer and supervisors and seeking damages in excess of $50,000,000. [Doc. 1-1 at 3]. The Complaint does not specify whether the Plaintiff is asserting his claims under federal or state law. [Id.]. On May 15, 2017, the Plaintiff's employer, Carrols Corporation ("Carrols"), removed the action to this Court, citing both federal question and diversity jurisdiction. [Doc. 1].

Upon removing the action, the Defendant Carrols Corporation filed the present motion to compel arbitration pursuant to Sections 2 and 3 of the Federal Arbitration Act and to dismiss this action. [Doc. 4]. In response, the Plaintiff filed a motion, seeking the dismissal of the motion to compel. [Doc. 6]. Carrols filed a reply in support of its motion to compel on June 29, 2017. [Doc. 7]. Once served, the individuals Defendants -- Rebecca Roberson, Lori Schlutow, and Carl Moreland -- filed a motion to join in the motion to compel arbitration on June 29, 2017. [Doc. 8]. On July 26, 2017, the Plaintiff filed a reply in support of his motion to dismiss. [Doc. 10].

Having been fully briefed, this matter is ripe for disposition.

## II. FACTUAL BACKGROUND

Carrols is one of the largest restaurant companies in the United States. [Affidavit of Gerald J. DiGenova ("DiGenova Aff."), Doc. 4-1 at 2 ¶ 2]. Based in Syracuse, New York, Carrols owns, operates, and franchises more than 760 restaurants in 16 states – including multiple restaurants in North Carolina. [Id. at 3 ¶ 4]. Carrols employs more than 23,000 employees from its Syracuse, New York headquarters and is a long-time North Carolina employer. [Id. at 2 ¶ 2, 3 ¶ 4]. Carrols purchases products and services from vendors and suppliers in multiple states, and those products are sent across state lines to be delivered to the restaurants. [Id. at 3 ¶ 6]. Each restaurant, including the restaurant where the Plaintiff works, is managed from the headquarters in Syracuse, New York through a defined management structure and the regular exchange of electronic data between each restaurant and headquarters in Syracuse. [Id. at ¶ 7].

On June 14, 2016, Carrols hired the Plaintiff as a team member in one of its North Carolina restaurants.[1] [Id. at 4 ¶ 11]. Before commencing employment and as a condition of employment with Carrols, the Plaintiff executed an Agreement for Resolution of Disputes Pursuant to Binding

---

[1] As of the date of the filing of the motion to compel, the Plaintiff is still employed with Carrols.

Arbitration (the "Arbitration Agreement"). [Id. at 3 ¶ 9; Arbitration Agreement, Doc. 4-1 at 6-7]. The two-page Arbitration Agreement provides that both the Plaintiff and Carrols agree to submit to JAMS, a national arbitration association, "any and all disputes, claims or controversies for monetary or equitable relief arising out of or relating to [Plaintiff's] employment, even disputes, claims or controversies relating to events occurring outside the scope of [Plaintiff's] employment ("Claims"). . ." [Arbitration Agreement, Doc. 4-1 at 6 ¶ 2]. The Arbitration Agreement further expressly provides that claims "relating or referring in any manner, directly or indirectly to" Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA") and "similar state statutes" are subject to arbitration. [Id. at 6 ¶ 3]. Moreover, the Arbitration Agreement states that "[b]y signing below, you acknowledge that you are agreeing to have Claims, as described above, finally decided in private arbitration and not in court." [Id. at 7 ¶ 6].

## III. DISCUSSION

The Federal Arbitration Act ("FAA") provides, in pertinent part, as follows:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction

4

> ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. This provision reflects "both a liberal federal policy favoring arbitration and the fundamental principle that arbitration is a matter of contract." AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011) (internal citations and quotation marks omitted). In keeping with these principles, "courts must place arbitration agreements on an equal footing with other contracts and enforce them according to their terms." Id. (internal citations omitted). "In determining whether the dispute at issue is one to be resolved through arbitration, the court must engage in a limited review to ensure that the dispute is arbitrable – i.e., that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement." Mansfield v. Vanderbilt Mortg. and Fin., Inc., 29 F. Supp. 3d 645, 652 (E.D.N.C. 2014) (citation and internal quotation marks omitted).

Here, the Arbitration Agreement states that the Plaintiff and Carrols Corporation agreed that "any and all disputes, claims or controversies for monetary or equitable relief arising out of or relating to [the Plaintiff's] employment, even disputes . . . relating to events occurring outside the scope of [the Plaintiff's] employment . . . shall be arbitrated before JAMS . . ." [Doc.

4-1 at 6 ¶ 2]. Pursuant to this Agreement, the parties expressly agreed to arbitration all claims, including claims asserted under Title VII, the ADEA, or similar state anti-discrimination statutes. [Id. 6 ¶ 3]. The claims asserted by the Plaintiff in the present civil action fall squarely within the scope of the Arbitration Agreement. Furthermore, it is not disputed that the Plaintiff's employment with Carrols, one of the largest restaurant companies in the United States with more than 23,000 employees, involves and affects interstate commerce.

While the Plaintiff does not dispute that he signed the Arbitration Agreement, he argues that the Agreement is nevertheless unenforceable due to its unconscionability. [Doc. 10 at 2]. Specifically, the Plaintiff complains that Carrols failed "to make full disclosure of [the] nature and import of the material to Plaintiff at the time of presentation to sign the Arbitration Agreement." [Id.]. It is well-settled, however, that "a party signing a written contract has a duty to inform himself of its contents before executing it, . . . and in the absence of fraud or overreaching he will not be allowed to impeach the effect of the instrument by showing that he was ignorant of its contents or failed to read it." Sydnor v. Conseco Fin. Servicing Corp., 252 F.3d 302, 306 (4th Cir. 2001) (citation and internal quotation marks omitted). Here, the Plaintiff has not alleged that his assent to the agreement was the

result of any fraud or overreaching on the part of any of the Defendants. The Plaintiff "cannot avoid the terms of the arbitration agreement merely by stating that he was unaware of its contents or failed to read it." Mahmoud v. Carmax Auto Superstores, Inc., No. 3:10CV421, 2011 WL 32518, at *2 (W.D.N.C. Jan. 5, 2011) (Mullen, J.).

The Plaintiff further argues that the agreement is unconscionable because it provides for mandatory arbitration and therefore deprived the Plaintiff of "equal standing" and gave the Defendant an "advantage" over the Plaintiff. [Doc. 10 at 2]. The Plaintiff fails, however, to articulate how the requirement of mandatory arbitration renders this Agreement procedurally or substantively unconscionable. Under North Carolina law[2], a court will find a contract to be unconscionable "only when the inequality of the bargain is so manifest as to shock the judgment of a person of common sense, and where the terms are so oppressive that no reasonable person would make them on the one hand, and no honest and fair person would accept them on the other." Mahmoud, 2011 WL 32518, at *2 (quoting Brenner v. Little Red Sch. House, Ltd., 302 N.C. 207, 213, 274 S.E.2d 206, 210 (1981)). Upon careful review, the Court finds the terms of the Arbitration Agreement to be fair and

---

[2] In determining unconscionability, the Court applies the law of North Carolina, as the parties executed the Arbitration Agreement in this State. See Mansfield, 29 F. Supp. 3d at 653.

reasonable. There is nothing in this Agreement that is not so oppressive or one-sided as to render its terms unconscionable.

The Plaintiff's assertions of unequal bargaining power and unfair advantage on the part of the Defendants are unfounded. The Arbitration Agreement provides that the JAMS Rules will govern the dispute and apply to both parties. Under these Rules, the Plaintiff will have the opportunity to weigh in on the choice of an arbitrator, just as the Defendants will. He will have the right to conduct discovery and will be afforded an opportunity to fully present all of his claims. The Plaintiff has failed to show that the application of the JAMS Rules unfairly favors the Defendants to his disadvantage.

In short, the Plaintiff's claims in this case are subject to arbitration because a valid and enforceable Arbitration Agreement exists between the parties and the Plaintiff's claims are related to his employment with Carrols and are specifically covered by the Arbitration Agreement. Accordingly, the Defendants' motion to compel arbitration is granted.

"When parties have entered into a valid and enforceable agreement to arbitrate their disputes and the dispute at issue falls within the scope of that agreement, [§ 3 of] the FAA requires federal courts to stay judicial proceedings, and compel arbitration in accordance with the agreement's

terms." Murray v. United Food & Commercial Workers Int'l Union, 289 F.3d 297, 301 (4th Cir. 2002) (internal citation omitted); 9 U.S.C. § 3.[3] Accordingly, the Court will stay this matter pending the parties' arbitration.

# O R D E R

**IT IS, THEREFORE, ORDERED** that:

(1) Defendant Carrols Corporation's Motion to Compel Arbitration and to Dismiss Action [Doc. 4] is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Defendant's Motion to Compel Arbitration is **GRANTED**, and the parties are hereby ordered to arbitrate their dispute in accordance with the Agreement for Resolution of Disputes Pursuant to Binding Arbitration Between Carrols Corporation and Howard Foster dated June 14, 2016. The Defendant's Motion to Dismiss is

---

[3] The Defendants request that this matter be dismissed upon referral to arbitration. The Court notes that there are conflicting opinions within the Fourth Circuit as to whether dismissal in lieu of a stay is an authorized remedy under § 3. Compare Murray, 289 F.3d at 301 with Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 709-10 (4th Cir. 2001) ("Notwithstanding the terms of § 3 . . . dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable."). The Court finds the language cited in Choice Hotels, however, to be dicta. See Blount v. Northrup Grumman Info. Tech. Overseas, Inc., No. 1:14cv919 (JCC/TCB), 2014 WL 5149704, at *5 (E.D. Va. Oct. 14, 2014). In the absence of clear guidance from the Fourth Circuit regarding the appropriateness of a dismissal, the Court will follow the plain language of § 3 and stay the action.

**DENIED**. This matter is hereby **STAYED** pending arbitration in accordance with the parties' Agreement.

(2) The *pro se* Plaintiff's "Motion to Dismiss with Prejudice Defendant Carrols Corporation's Motion to Compel Arbitration and to Dismiss Action and Order [a] Jury Trial" [Doc. 6] is **DENIED**.

(3) The Motion for Joinder filed by Defendants Rebecca Roberson, Lori Schlutow, and Carl Moreland in Carrols Corporation's Motion to Compel Arbitration and to Dismiss Action [Doc. 8] is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties shall submit a Status Report to the Court every ninety (90) days from the entry of this Order advising of the status of the arbitration.

**IT IS SO ORDERED.**  Signed: February 2, 2018

Martin Reidinger
United States District Judge