IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:17-cv-00128-MR-WCM

HOWARD J. FOSTER, )
 )
        Plaintiff, )
 )
vs. ) **MEMORANDUM OF**
 ) **DECISION AND ORDER**
CARROLS CORPORATION d/b/a )
BURGER KING, REBECCA )
ROBERSON, LORI SCHLUTOW, )
and CARL MORELAND, )
 )
        Defendants. )
_____ )

    **THIS MATTER** is before the Court on the Plaintiff's "Motion to Dismiss Arbitration with prejudice for acts of Fraud in the Inception or Execution by Defendant's [sic] and Order Jury Trial in the matter before this court" [Docs. 18, 19[1]]; and the Plaintiff's Motion "Requesting the Court to Reverse Order to Arbitrate Case on the Grounds of Non-Binding Merits and Order Jury Trial" [Doc. 20].

---

[1] Documents 18 and 19 appear to be duplicate motions.

**I.     PROCEDURAL BACKGROUND**

The Plaintiff Howard J. Foster, proceeding *pro se*, initiated this action in the Rutherford County General Court of Justice, District Court Division, on April 25, 2017, asserting claims for age and gender discrimination and retaliation against his employer and supervisors and seeking damages in excess of $50,000,000. [Doc. 1-1 at 3]. The Complaint does not specify whether the Plaintiff is asserting his claims under federal or state law. [Id.]. On May 15, 2017, the Plaintiff's employer, Carrols Corporation ("Carrols"), removed the action to this Court, citing both federal question and diversity jurisdiction. [Doc. 1].

Upon removing the action, the Defendant Carrols Corporation filed a motion to compel arbitration pursuant to Sections 2 and 3 of the Federal Arbitration Act and to dismiss this action. [Doc. 4]. In response, the Plaintiff filed a motion, seeking the dismissal of the motion to compel and opposing arbitration on the grounds that the parties' arbitration agreement is unconscionable. [Doc. 6]. On February 2, 2018, the Court entered an Order directing the parties to arbitrate their dispute and staying this action. [Doc. 11]. The Court further directed the parties to file a report with the Court every ninety (90) days to advise the Court of the status of the arbitration. [Id.].

The Defendants filed a Status Report on May 3, 2018, advising that since the entry of the Court's Order, the Plaintiff had taken no steps to initiate an arbitration of his claims. [Doc. 12 at 1]. Noting that the parties' agreement provides that either party may commence arbitration proceedings providing a written request for arbitration to JAMS, the Court directed the Defendants to commence the arbitration proceedings within thirty (30) days. [Doc. 13]. The Defendants commenced the arbitration process on June 8, 2018. [Doc. 14].

On July 2, 2018, the Plaintiff filed a motion seeking reversal of the Order to arbitrate. [Doc. 15]. This motion, however, was unsigned. On July 9, 2018, the Court entered an Order directing the Plaintiff to file a signed version of his motion. [Doc. 16]. The Plaintiff filed a signed version on July 13, 2018. [Doc. 18].[2]

On July 23, 2018, the Plaintiff filed a motion seeking to dismiss the arbitration proceedings on the grounds of fraud. [Doc. 19]. At that time, the Plaintiff also filed another copy of the motion seeking reversal of the Order to arbitrate. [Doc. 20]. The Defendants filed a response to the Plaintiff's motion to dismiss on August 2, 2018. [Doc. 22].

---

[2] Before the signed version was filed, the Defendants already had filed a response to the Plaintiff's motion. [Doc. 17].

3

In the latest status report submitted on November 2, 2018, the Defendants state that the Plaintiff has failed to date to submit the portion of the filing fee for which he is responsible in order to proceed with the arbitration, and that JAMS has indicated that if payment is not received within thirty (30) days, it will close the file. [Doc. 23].

## II. DISCUSSION

While couched in terms of "dismissal" and "reversal," the Plaintiff's motions appear to seek reconsideration of the Court's prior Order compelling the Plaintiff to arbitrate his claims. Mindful that *pro se* pleadings should be construed liberally, Erickson v. Pardus, 551 U.S. 89, 94 (2007), the Court therefore shall treat the Plaintiff's present filings as motions for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

The Plaintiff appears to assert two grounds for reconsideration of the Court's Order. First, the Plaintiff apparently argues that the discovery of new information regarding a third-party employment website through which he submitted an application that ultimately led to his being hired by Carrols Corporation somehow requires the Court to vacate its Order compelling arbitration. Under Rule 60(b)(2), relief from a final judgment may be given if there is "newly discovered evidence which by due diligence could not have

4

been discovered in time to move for a new trial under Rule 59(b)…." Fed. R. Civ. P. 60(b)(2). Here, the Plaintiff has not asserted how the information regarding the third-party website is "newly discovered" or could not have been discovered earlier with due diligence. In any event, however, the evidence cited by the Plaintiff does nothing to change the outcome of this case. Any contracts that the Plaintiff may have had with a third party has no bearing on his obligation to arbitrate any disputes arising out of or related to his employment with Carrols Corporation.

The second basis cited by the Plaintiff for reconsidering the Court's Order is his contention that the Defendants engaged in fraudulent conduct. The acts of fraud identified by the Plaintiff in his motion, however, all relate to the cleanliness of the restaurant where the Plaintiff worked; instances of improper food handling; and the attitude of other employees. The Plaintiff fails to identify any acts of fraud by the Defendants in connection with the Arbitration Agreement. Accordingly, the Court concludes that the Plaintiff has not stated any basis in fact or law to justify reconsideration of the Court's Order.

The Court has held that a valid and enforceable Arbitration Agreement exists between the parties, and that the Plaintiff's claims are related to his employment with Carrols Corporation and are therefore specifically covered

by the Arbitration Agreement.  Accordingly, the Plaintiff is required to arbitrate his claims.  The Plaintiff is specifically warned that failure to arbitrate his claims as previously ordered may likely result in the dismissal of this civil action.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's "Motion to Dismiss Arbitration with prejudice for acts of Fraud in the Inception or Execution by Defendant's [sic] and Order Jury Trial in the matter before this court" [Docs. 18, 19] and the Plaintiff's Motion "Requesting the Court to Reverse Order to Arbitrate Case on the Grounds of Non-Binding Merits and Order Jury Trial" [Doc. 20] are **DENIED**.

**IT IS FURTHER ORDERED** that the parties shall proceed to arbitration as previously ordered.  **The Plaintiff is advised that failure to engage in arbitration as previously ordered may likely result in the dismissal of this action.**

**IT IS SO ORDERED.**

Signed: November 9, 2018

Martin Reidinger
United States District Judge