THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:17-cv-00128-MR-WCM

| | |
|---|---|
| HOWARD J. FOSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| CARROLS CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Recuse [Doc. 25].

The Plaintiff, who is proceeding *pro se*, moves for the undersigned's recusal in this matter. [Doc. 25]. A motion for recusal should be granted only if the judge's "impartiality might reasonably be questioned." 28 U.S.C.A. § 455(a). Adverse judicial rulings alone, however, "almost never constitute a valid basis for a bias or partiality motion." United States v. Lentz, 524 F.3d 501, 530 (4th Cir. 2008) (quoting Liteky v. United States, 510 U.S. 540, 555 (1994)). Furthermore, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion

unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id.

Here, the Plaintiff asserts that the undersigned should be recused on the grounds of "conflict of interest, constructive fraud, and racial bias in executing judicious fact findings…." [Doc. 25 at 1]. Specifically, the Plaintiff argues that a conflict of interest exists because the Plaintiff was a subpoenaed witness in a criminal matter that was subsequently handled by the undersigned presided.[1] The Plaintiff, however, fails to identify any specific conflict of interest that arises from the undersigned presiding in that criminal matter and the present civil matter. Further, while the Plaintiff argues that recusal is warranted due to racial bias, the Plaintiff has not identified any specific instances of conduct that demonstrate any such bias.

While couched in terms of bias and fraud, the Plaintiff's motion clearly takes issue with the Court's prior rulings that were adverse to him. The Plaintiff's dissatisfaction with the Court's prior rulings, however, is not a sufficient basis for recusal. The Plaintiff simply has not articulated any basis

---

[1] The Court would note that the trial in that criminal matter, wherein Plaintiff apparently testified, was conducted by a different District Judge. The case was subsequently reassigned to the undersigned for post judgment proceedings.

to find that the undersigned's impartiality might reasonably be questioned. Accordingly, the motion for recusal is denied.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Recuse [Doc. 25] is **DENIED**.

**IT IS SO ORDERED.**

Signed: December 17, 2018

Martin Reidinger
United States District Judge