# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:17-cv-00128-MR-DLH

| | |
|---|---|
| HOWARD J. FOSTER, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CARROLS CORPORATION d/b/a ) <br> BURGER KING, REBECCA ) <br> ROBERSON, LORI SCHLUTOW, ) <br> and CARL MORELAND, ) <br> ) <br> Defendants. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's "Motion to Reconsideration of [sic] Order" [Doc. 33].

On March 5, 2019, the Court dismissed this action with prejudice due to the *pro se* Plaintiff's failure to show cause why this action should not be dismissed for his failure to engage in court-ordered arbitration. [Doc. 29].

The Plaintiff now seeks reconsideration of the Court's Order on two grounds. First, he argues that his Response to the Show Cause Order was timely and should have been considered. This argument is without merit. Following the entry of the Order dismissing the case, the Court received the

Plaintiff's Response to the Show Cause Order. [Doc. 31]. The Clerk of this Court had received the Plaintiff's Response to the Show Cause Order on March 4, 2019, but because the Plaintiff's Response was not docketed until March 7, 2019, the Court was unaware of this filing and did not address the same in its Order dismissing the case. Although the Response had not been filed timely, the Court nevertheless considered the pleading on the merits. The Court then concluded that the Plaintiff's Response provided no basis to re-open the action. [Doc. 32]. Because the merits of the Plaintiff's Response were considered, the Plaintiff's first grounds for reconsideration must be denied.

The Plaintiff further argues as grounds for reconsideration that he has raised "pertinent issues" regarding the undersigned's partiality "that deserve to be addressed and resolved by the court in [the] same manner of judicial fairness [as] is rendered toward Defendant[ ]." [Doc. 33 at 5].

The Plaintiff previously moved to disqualify the undersigned on the grounds that the Plaintiff "was and is a party (Subpoenaed Witness) in another case that Judge Reidinger presides over, which creates a conflict of interest…." [Doc. 25 at 2]. The documents attached to the Plaintiff's motion pertain to the trial of Kenneth Lee Foster and Yvonne Marie Fountain. [Doc.

25-1 at 6-11].[1] Their trial was presided over by the Honorable Lacy Thornburg, not the undersigned. The Court denied this motion for recusal, noting that the Plaintiff had failed to identify any specific conflict of interest warranting recusal. [Doc. 26]. The Court noted therein that the trial in that criminal matter had been "conducted by a different District Judge." [Id. at 2 n.1]. After the Court entered its Order regarding this issue, the Plaintiff filed a copy of a trial subpoena issued by the defendant in a different trial, that of Doris Foster. [Doc. 31-1 at 1]. Trial subpoenas are not ordinarily filed in the Court File, so there was no record of the Plaintiff having been subpoenaed in the Doris Foster trial (which took place in March 2010) until the Plaintiff filed the subpoena in this matter on March 4, 2019. While the Plaintiff was listed as a defense witness in the Doris Foster trial, he was never called to testify. [Criminal Case No. 1:09-cr-00013-MR, Doc. 497]. The undersigned did preside over the Doris Foster trial, but the Plaintiff was not a party, a witness, or any kind of participant in that trial. The Plaintiff has not explained how his very tangential involvement in that criminal matter (as a non-testifying person under subpoena) creates any conflict of interest on the part

---

[1] The Court notes that in marginal notes to his Exhibit 6, the Plaintiff refers to attorney Butler as his attorney. [Doc. 25-1 at 6]. Attorney Norman Butler, however, was the attorney for the criminal defendant, Kenneth Lee Foster, in that trial. It is unknown to the Court whether Kenneth Foster and the Plaintiff are related. But clearly, Norman Butler did not represent the Plaintiff in that criminal matter.

3

of the undersigned. While the Plaintiff also contends that the Court erred in admitting certain exhibits in that criminal proceeding, such issues are irrelevant to the present action and certainly do not provide a basis to disqualify the undersigned from presiding over the present civil action.

For all these reasons, the Plaintiff's motion for reconsideration is denied.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's "Motion to Reconsideration of [sic] Order" [Doc. 33] is **DENIED**.

**IT IS SO ORDERED.**  Signed: April 8, 2019

Martin Reidinger
United States District Judge